Jeanette E. McPherson, Esq., NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Phone: 702-228-7590 / 702-892-0122
E-Mail: bkfilings@s-mlaw.com

*Attorneys for Shelley D. Krohn, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>DONNA ROME, LLC,<br><br>　　　　　　　　　　　　　　Debtor. | Case No. BK-S-19-15842-MKN<br><br>Chapter 7<br><br>Adversary No. |
| SHELLEY D. KROHN,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GREEN LIFE DEVELOPMENT, INC.,<br><br>　　　　　　　　　　　　　　Defendant. | **COMPLAINT FOR AVOIDANCE OF TRANSFER UNDER 11 U.S.C. §§ 544, 548, 550 AND NRS 112.180 AND NRS 112.210** |

Shelley D. Krohn, Chapter 7 Trustee ("Trustee") hereby files this Complaint For Avoidance Of Transfer Under 11 U.S.C. §§ 544, 548, 550 And NRS 112.180 And NRS 112.210 and complains as follows.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The procedural grounds for the relief requested herein is Fed.R.Bankr. P. 7001.

5. Pursuant to Fed.R.Bankr. P. 7008 and Local Rule 7008, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

/ / /

## PARTIES

6. Shelley D. Krohn, Trustee ("Trustee" or "Plaintiff") is the duly appointed and acting Chapter 7 Trustee of Donna Rome, LLC (the "Debtor"), a limited liability company that was registered in the State of Nevada that filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

7. Green Life Development, Inc. ("Green Life") is a domestic corporation registered in the State of Nevada.

## GENERAL ALLEGATIONS

8. On or around April 27, 2017, Green Life made a loan to Michael Bash in the amount of $15,000.00, which loan bore interest at the rate of 5% (the "Bash Loan").

9. The Debtor held a bank account ("Debtor's Bank Account") at JP Morgan Chase Bank, N.A. ("Chase"), account number xxxxxxxxxx0925.

10. The records from the Debtor's Bank Account provide that on June 13, 2018, the Debtor issued Check No. 1501 in the amount of $15,750.00 to Green Life ("Green Life Payment").

11. A true and correct copy of Check No. 1501 (front and back) is attached hereto as **Exhibit 1**.

12. The Green Life Payment was paid to Green Life to pay for the Bash Loan.

13. Green Life did not loan money to the Debtor and does not know the Debtor, Donna Rome, LLC.

14. The Debtor did not owe money to Green Life.

**Debtor's Bankruptcy Filing**

15. On September 11, 2019, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

16. Shelley D. Krohn is the duly appointed and acting Chapter 7 Trustee in the Debtor's case.

/ / /

/ / /

## FIRST CLAIM FOR RELIEF
### (11 U.S.C. § 548(a)(1)(B) and § 550)

17. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs herein and incorporates the same as if fully set forth herein.

18. The Green Life Payment was a transfer of an interest of the Debtor in property.

19. The Green Life Payment was made within two years before the Petition Date.

20. The Debtor had at least one creditor as of the date the Green Life Payment was made.

21. The Debtor made the Green Life Payment without receiving reasonably equivalent value in exchange for the Green Life Payment.

22. The Debtor did not receive reasonably equivalent value in exchange for making the Green Life Payment because, among other things, the Debtor was not indebted to Green Life and did not owe it any monies.

23. The Debtor did not receive reasonably equivalent value in exchange for making the Green Life Payment because, among other things, Green Life did not loan monies to the Debtor.

24. The Debtor was insolvent on the date that the Green Life Payment was made, or became insolvent, as a result of the Green Life Payment.

25. As a result of the Green Life Payment, the Debtor was engaged in business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital or for which the Debtor did not have the ability to pay.

26. As a result of the Green Life Payment, the Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond its ability to pay as they became due or matured.

27. Green Life was the initial transferee of the Green Life Payment or for whose benefit the Green Life Payment was made.

28. The Plaintiff is entitled to a judgment avoiding the Green Life Payment and to a judgment against Green Life in the amount of the Green Life Payment, in accordance with 11

U.S.C. §§ 548(a)(1)(B) and 550.

**SECOND CLAIM FOR RELIEF**
**(11 U.S.C. § 544 and § 550; NRS 112.180(1)(b) and 112.210)**

29. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs herein and incorporates the same as if fully set forth herein.

30. The Green Life Payment was a transfer of an interest of the Debtor in property.

31. The Debtor had at least one creditor as of the date the Green Life Payment was made.

32. The Green Life Payment was made within four years of the Petition Date.

33. The Green Life Payment was made by the Debtor without receiving a reasonably equivalent value in exchange for the Green Life Payment.

34. The Debtor did not receive reasonably equivalent value in exchange for making the Green Life Payment because, among other things, Green Life provided nothing of value to the Debtor.

35. The Debtor did not receive reasonably equivalent value in exchange for making the Green Life Payment because, among other things, Green Life did not loan monies to the Debtor.

36. The Debtor did not receive reasonably equivalent value in exchange for making the Green Life Payment because, among other things, the Debtor was not indebted to Green Life.

37. As a result of the Green Life Payment having been made, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

38. As a result of the Green Life Payment having been made, the Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond his or her ability to pay as they became due.

39. Green Life was the initial transferee of the Green Life Payment or for whose benefit the Green Life Payment was made.

40. The Plaintiff is entitled to a judgment avoiding the Green Life Payment and to a judgment against Green Life in the amount of the value of the Green Life Payment in accordance

with 11 U.S.C. §§ 544 and 550 and NRS 112.180(1)(b) and 112.210.

**REQUESTED RELIEF**

WHEREFORE, the Trustee prays for a judgment against Green Life as follows:

1) For avoidance of the Green Life Payment;

2) Recovery of the value of the Green Life Payment;

3) For attorney's fees and costs of suit where appropriate; and

4) For other and further relief to which the Trustee may be justly entitled.

Dated this 9th day of September, 2021.

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
*Attorneys for Shelley D. Krohn, Trustee*

# EXHIBIT 1

```
                                                                          1501
       DONNA ROME, LLC
    9075 W DIABLO DRIVE, 3RD FLOOR
       LAS VEGAS, NV 89148
         (702) 876-6010              DATE  6-13-18   90-7162-3222
```

Pay to the order of: Green Life Development       $ 15,750 00

Fifteen thousand seven hundred fifty and 00/100 DOLLARS

CHASE ⬤
JPMorgan Chase Bank, N.A.
www.Chase.com

FOR Jackie Bal. pd. in full Lynn        Michael Rose

⑆001501⑆ ⑈322271627⑈  9256109259⑆

1187846190

PAY TO THE ORDER OF
WELLS FARGO BANK, N.A.
321270742
FOR DEPOSIT ONLY
GREEN LIFE DEVELOPMENT INC
5838341049